1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ROBERT TAYLOR,                          No.  2: 17-cv-1758 MCE KJN P

12                   Plaintiff,

13         v.                                 FINDINGS & RECOMMENDATIONS

14   WONG, et al.,

15                   Defendants.

16

17         Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

18   to 42 U.S.C. § 1983.   On August 23, 2018, defendants filed a motion for summary judgment on

19   the grounds that plaintiff failed to exhaust administrative remedies.   On February 14, 2018, the

20   court advised plaintiff of the requirements for opposing a motion for summary judgment based on

21   plaintiff's failure to exhaust administrative remedies pursuant to Rule 56 of the Federal Rules of

22   Civil Procedure.   See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and

23   Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988).

24         On September 20, 2018, plaintiff was ordered to file an opposition or a statement of non-

25   opposition to the pending motion within thirty days.   In that same order, plaintiff was advised of

26   the requirements for filing an opposition to the pending motion and that failure to oppose such a

27   motion would be deemed as consent to have the:  (a) pending motion granted; (b) action

28   dismissed for lack of prosecution; and (c) action dismissed based on plaintiff's failure to comply

with these rules and a court order.  Plaintiff was also informed that failure to file an opposition would result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The thirty days period has now expired and plaintiff has not responded to the court's order.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including:  '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'"  Ferdik, 963 F.2d at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

In determining to recommend that this action be dismissed, the court has considered the five factors set forth in Ferdik.  Here, as in Ferdik, the first two factors support dismissal of this action.  The action has been pending for over one year.  This action has reached the stage when it is appropriate to resolve the issue of exhaustion of administrative remedies.  Plaintiff's failure to comply with the Local Rules and the court's September 20, 2016 order suggests that he has abandoned this action and that further time spent by the court thereon will consume scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue.

Under the circumstances of this case, the third factor, prejudice to defendants from plaintiff's failure to oppose the motion, also favors dismissal.  Plaintiff's failure to oppose the motion prevents defendants from addressing plaintiff's substantive opposition, and would delay resolution of this action, thereby causing defendants to incur additional time and expense.

The fifth factor also favors dismissal.  The court has advised plaintiff of the requirements under the Local Rules and granted ample additional time to oppose the pending motion, all to no avail.  The court finds no suitable alternative to dismissal of this action.

The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction. However, for the reasons set forth above, the first, second, third, and fifth factors strongly support dismissal. Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits. See Ferdik, 963 F.2d at 1263.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 6, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Tay1758.dis

3